IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDELL MOORE,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  25-7380 |
| | : | |
| **CODY GONZALES,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**MURPHY, J.**                                                                                            **January 6, 2026**

Lindell Moore commenced this *pro se* civil action against Allentown Police Officer Cody Gonzalez and the Allentown Police Department alleging civil rights claims pursuant to 42 U.S.C. § 1983.  He seeks to proceed *in forma pauperis*.  For the following reasons, we grant Mr. Moore *in forma pauperis* status and dismiss his complaint.

**I.     FACTUAL BACKGROUND**[1]

Mr. Moore's allegations are brief.  He claims that, after leaving a custody trial at the Lehigh County Courthouse on December 18, 2025, he was threatened with bodily harm by a family member if he came to their home to visit his children.  DI 2 at 3.  He reported the incident to Officer Gonzalez, who initially disregarded his report.  *Id*.  Two days later, at Mr. Moore's urging, Officer Gonzalez went to the home and questioned the person or persons who made the threat.  *Id*.  After receiving an explanation regarding why the threat was made, Officer Gonzalez left and told Mr. Moore to stay away from the home and the children.  *Id*.  Mr. Moore met with Internal Affairs about the matter, but Internal Affairs concurred with Officer Gonzalez "as [to]

---

[1] The following allegations are taken from Mr. Moore's complaint (DI 2).  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

the solution to the problem: stay away from [the] home, and children." *Id*. Mr. Moore asserts that he followed the command to stay away and that no one has been arrested for making the threat. *Id*. at 4. He seeks money damages for an alleged equal protection violation. *Id*.

## II.   STANDARD OF REVIEW

Because Mr. Moore appears to be unable to pay the filing fee in this matter, we grant him leave to proceed *in forma pauperis*. Accordingly, the complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires us to screen and dismiss the complaint if it fails to state a claim. We must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678 (citation modified).

Additionally, we liberally construe the allegations of *pro se* litigants. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citation modified). This requires us to remain flexible and to "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, the "*pro se* litigants still must allege sufficient facts in their complaints to support a claim" and "abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and apply the applicable law, irrespective of whether the pro se litigant mentioned it [by] name . . . this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.") (citation modified).

## III.   DISCUSSION

Mr. Moore asserts constitutional claims under section 1983. Rather than serving as its own source of substantive rights, section 1983 provides "a method for vindicating federal rights

elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation modified); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).

A.    **Allentown Police Department**

Mr. Moore lists the Allentown Police Department as a named defendant in the caption of the complaint. DI 2 at 1. He alleges that he met with Internal Affairs and that Internal Affairs concurred with Officer Gonzalez that "the solution to the problem [was to] stay away from [the] home, and children." *Id.* at 3 (citation modified). We dismiss Mr. Moore's claim against the Allentown Police Department because a police department, as a mere sub-unit of a municipality, may not be held liable under section 1983. *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Downes v. Allentown Police Dep't*, 2025 WL 3539258, at *3 (E.D. Pa. Dec. 10, 2025) (dismissing § 1983 claim against the Allentown Police Department because it is not a proper § 1983 defendant). Even if the Allentown Police Department were a proper defendant, Mr. Moore has not provided a plausible basis for municipal liability because he has not alleged any department custom or policy that has resulted in the purported constitutional violation. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003); *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

### B.     Officer Gonzalez

We also dismiss Mr. Moore's constitutional claim against Officer Gonzalez because, as pleaded, it is not plausible.  Mr. Moore alleges that (1) Officer Gonzalez initially delayed investigating his complaint about the threat to Mr. Moore; and (2) no one has been arrested for the threat.  DI 2 at 3-4.  But "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim."  *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) (finding plaintiff lacked a "cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual") (citation modified); *Millhouse v. Levi*, 267 F. App'x 140, 141 (3d Cir. 2008) (per curiam) (affirming dismissal of plaintiff's "motion to investigate" because, *inter alia*, "there is no federal right to require the government to initiate criminal proceedings") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Berrigan*, 482 F.2d 171, 173-74 (3d Cir. 1973)).

Mr. Moore also alleges that Officer Gonzalez violated his equal protection rights because, after eventually speaking with the person or persons who allegedly threatened him, Officer Gonzalez told him to stay away from the home and the children.  DI 2 at 3-4.  To constitute a plausible equal protection claim, a plaintiff must allege (1) that he was treated differently from other similarly situated individuals, and (2) that such disparate treatment was predicated upon "an unjustifiable standard, such as race, or religion, or some other arbitrary factor" or rendered "to prevent the exercise of a fundamental right."  *Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (citation modified).  "Persons are similarly situated under the Equal Protection

Clause when they are alike in all relevant aspects." *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (citation modified).

Mr. Moore does not allege that he was treated differently from a similarly situated individual because of his race, religion or other prohibited factor, or that such treatment was rendered to prevent his exercise of a fundamental right. His claim against Officer Gonzales, therefore, is not plausible as pled and is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Given his *pro se* status, Mr. Moore will be permitted to file an amended complaint if he can allege additional facts to cure the defects we have identified in his claim against Officer Gonzalez. An appropriate order follows containing additional instructions as to amendment.

### IV.     CONCLUSION

For the reasons outlined in this memorandum, we grant Mr. Moore *in forma pauperis* status and dismiss his complaint, without prejudice to refiling his claim against Officer Gonzalez. Mr. Moore's claims against the Allentown Police Department are dismissed with prejudice.