IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDELL MOORE,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.   25-7380 |
| | : | |
| **CODY GONZALES,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 6th day of January 2026, upon consideration of plaintiff Lindell Moore's motion to proceed *in forma pauperis* (DI 1), and complaint (DI 2) it is **ORDERED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (DI 1) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The complaint is **DEEMED** filed.

3. The complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in our memorandum pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as follows:

    a. All claims against the Allentown Police Department are **DISMISSED WITH PREJUDICE**.

    b. All claims against Officer Cody Gonzalez are **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk of Court is **DIRECTED** to terminate the Allentown Police Department as a defendant.

5. Mr. Moore may file an amended complaint within thirty (30) days of the date of this order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state

the basis for Mr. Moore's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Mr. Moore should be mindful of our reasons for dismissing the claims in his initial complaint as explained in our memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the court.

      6.      The Clerk of Court is **DIRECTED** to send Mr. Moore a blank copy of the court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Mr. Moore may use this form to file his amended complaint, if he chooses to do so.

      7.      If Mr. Moore does not wish to amend his complaint and instead intends to stand on his complaint as originally pled, he may file a notice with the court within thirty (30) days of the date of this order stating such intent, at which time we will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.)" (citation modified); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims.").

8.  If Mr. Moore fails to file any response to this order, we will conclude that he intends to stand on his complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from his inaction after issuance of an order directing him to take action to cure a defective complaint).

                                                                                  */s/ John F. Murphy*
                                                                                  MURPHY, J.

---

[1] The six-factor test regarding dismissal, announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). We need not apply the *Poulis* test when a plaintiff willfully abandons his case or otherwise makes our adjudication of it impossible. *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary.") (citation modified).