**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LINDELL MOORE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  25-7380** |
| | : | |
| **CODY GONZALES,** *et al.*, | : | |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**MURPHY, J.**                                                            **February 17, 2026**

In a prior memorandum and order, we dismissed the *pro se* civil rights complaint filed by

Lindell Moore against Allentown Police Officer Cody Gonzalez and the Allentown Police

Department ("APD").  *Moore v. Gonzales*, 2026 WL 36536 (E.D. Pa. Jan. 6, 2026).  We

dismissed the claims against the APD with prejudice because it was not a proper defendant in a

civil rights case brought pursuant to 42 U.S.C. § 1983, and we dismissed the claim against

Officer Gonzales without prejudice but granted Mr. Moore leave to amend his claim against the

officer.  *Id.* at *2-*3.  Mr. Moore has now filed an amended complaint.  DI 7.  Because he has

again not alleged plausible claims against Officer Gonzalez, we dismiss all federal claims against

Officer Gonzalez with prejudice.  All state law claims are dismissed without prejudice.

**I.      PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**[1]

Mr. Moore's initial complaint was brief.  He claimed that after leaving a custody trial at

the Lehigh County Courthouse on December 18, 2025, he was threatened with bodily harm by a

---

[1] Unless otherwise indicated, the factual allegations are taken from Mr. Moore's amended complaint.  DI 7.  We adopt the sequential pagination supplied by the CM/ECF docketing system.  Where needed, punctuation, spelling, and capitalization will be corrected in quotes from Mr. Moore's materials.

family member if he came to their home to visit his children.  DI 2 at 3.  He reported the incident to Officer Gonzalez, who initially disregarded his report.  *Id*.  Two days later, after urging from Mr. Moore, Officer Gonzalez went to the home and questioned the person or persons who made the threat.  *Id.*  After receiving an explanation why the threat was made, Officer Gonzalez left and told Mr. Moore to stay away from the home and the children.  *Id*.  Mr. Moore met with Internal Affairs about the matter but Internal Affairs concurred with Officer Gonzalez "as to the solution to the problem: stay away from [the] home and children."  *Id*.  Mr. Moore asserted that he followed the command to stay away and no one has been arrested for making the threat.  *Id*. at 4.  He brought a claim against Officer Gonzales for violating his equal protection rights, while he also named the Allentown Police Department.  *Id.* at 1-2.

In our prior memorandum, we dismissed the APD with prejudice because a police department is not a proper defendant under section 1983 and dismissed the equal protection claim against Officer Gonzalez because Mr. Moore failed to allege facts (1) that he was treated differently from other similarly situated individuals, and (2) that such disparate treatment was predicated upon "an unjustifiable standard, such as race, or religion, or some other arbitrary factor" or rendered "to prevent the exercise of a fundamental right."  *Moore*, 2026 WL 36536 at *2 (citation modified) (quoting *Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010)).

In his short amended complaint, Mr. Moore now alleges a due process violation under the Fourteenth Amendment "in regards to [Officer Gonzales's] gross negligence in performing his duties."  DI 7 at 2.  He again alleges that, after leaving a custody hearing, Mr. Moore and his spouse were threatened by his children's caretakers and told they would be shot if Mr. Moore showed up at their house to see the children.  *Id*. at 3.  Mr. Moore made a report of terroristic threats to Officer Gonzales the same day and, although "defendants [sic] confirmed the threats,

no arrest was made." *Id.* Although he concedes that "no physical injuries occurred" from Officer Gonzales's conduct, Mr. Moore seeks $10 million in damages. *Id.* at 4.

## II.    STANDARD OF REVIEW

Because Mr. Moore has been granted leave to proceed *in forma pauperis*, the amended complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires us to screen and dismiss the case if Mr. Moore fails to state a claim. We must determine whether Mr. Moore's amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* And though we liberally construe a *pro se* litigant's allegations, *pro se* litigants must still allege sufficient facts to support their claims. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citation omitted).

## III.    DISCUSSION

Mr. Moore again asserts constitutional claims under section 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation modified); *see also Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.") (citation omitted). Rather than attempt to reassert the equal protection claim contained in the original complaint, Mr. Moore now attempts to raise a due process claim based on the same sparce facts under the Fourteenth Amendment's Due Process Clause.

Mr. Moore has not alleged a procedural due process violation. To plead that claim plausibly, he must first allege that he has been deprived of a constitutionally protected property

or liberty interest.  *Daniels v. Williams,* 474 U.S. 327, 328, 331 (1986); *Renchenski v. Williams,* 622 F.3d 315, 325 (3d Cir. 2010).  Only upon finding that a protected interest is asserted do we consider the constitutional sufficiency of the procedures associated with the interest.  But as we have instructed Mr. Moore, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Moore*, 2026 WL 36536 at *2 (citing *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *Boseski v. North Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) (finding plaintiff lacked a "cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual") (citation modified); *Millhouse v. Levi*, 267 F. App'x 140, 141 (3d Cir. 2008) (per curiam) (affirming dismissal of plaintiff's "motion to investigate" because, *inter alia*, "there is no federal right to require the government to initiate criminal proceedings") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).  Because Mr. Moore had no protected interest in the investigation, Officer Gonzales's alleged failure to investigate his claim of terroristic threats by his children's caretakers cannot support a procedural due process violation.  *Linda R.S.*, 410 U.S. at 619 ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

A plaintiff may also assert a claim under the "substantive" prong of the Due Process Clause, which bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them.  *Zinermon v. Burch,* 494 U.S. 113, 125 (1990) (citing *Daniels,* 474 U.S. at 331)).  To be plausible, this type of due process claim must allege governmental conduct that "shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty."  *United States v. Salerno*, 481 U.S. 739, 746 (1987) (citation

4

modified) (citations omitted).  The United States Supreme Court explained that "the core of the concept" of due process is "protection against arbitrary action" and that "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998) (citation modified) (citation omitted).  Accordingly, in a substantive due process challenge to an action taken by a government official, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  *Id*. at 847 n.8; *see also United Artists Theatre Circuit, Inc. v. Township. of Warrington*, 316 F.3d 392, 399-400 (3d Cir. 2003) ("[O]ur cases have repeatedly acknowledged that executive action violates substantive due process only when it shocks the conscience[.]").  Because nothing about Officer Gonzales's failure to investigate Mr. Moore's claim rises to the level of arbitrary, conscious-shocking behavior, particularly where Mr. Moore specifically alleges that he suffered no physical injury, we conclude that Mr. Moore has not alleged a plausible substantive due process claim.[2]

---

[2] Mr. Moore's labeling of Officer Gonzales's conduct as "gross negligence" (DI 7 at 2) also fails to assert a plausible constitutional claim because it is conclusory.  *Iqbal*, 556 U.S. at 678 (holding that conclusory allegations do not suffice to state plausible claims).  To the extent that Mr. Moore intended to bring a state law claim for gross negligence, we decline to exercise supplemental jurisdiction over the claim because all the federal law claims are dismissed.  28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.") (citation omitted); *Shaffer v. Bd. of Sch. Directors of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (explaining we should refuse to exercise supplemental jurisdiction where no viable federal claims remain absent "extraordinary circumstances" to exercise such jurisdiction) (citation omitted).  Nor is there an apparent basis for diversity jurisdiction because Mr. Moore does not provide citizenship allegations for himself and Officer Gonzales, and both have Pennsylvania addresses.  Thus, any state law claim will be dismissed without prejudice for lack of subject matter jurisdiction so that Mr. Moore can reassert the claim in a state court, if he so chooses.

## IV.    CONCLUSION

Because Mr. Moore has not alleged a plausible federal civil rights claim, we dismiss this claim against Officer Gonzales with prejudice.  As Mr. Moore has already been given a second opportunity to flesh out his factual allegations in order to assert plausible claims, and he has not asserted plausible claims, we conclude that further amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Nicholas v. SCI Smithfield*, 2025 WL 2807762, at *1 (3d Cir. Sept. 30, 2025) (per curiam) (citing *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (per curiam) (explaining that "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them[.]")).  We dismiss Mr. Moore's state law claims without prejudice to his ability to refile in state court.  A final order of dismissal will be entered separately.  Fed. R. Civ. P. 58(a).